UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN GREEN, | ) | Case No.: 4:20 CV 555 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JEFF NOBLE, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Benjamin Green's ("Petitioner" or "Green") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Warden Tom Schweitzer's[1] ("Respondent") Motion to Dismiss the Petition ("Motion") (ECF No. 6). Under Local Rule 72.2, the court referred the matter to the Magistrate Judge for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R (ECF No. 11) that the Motion be granted and the Petition be denied.

On March 13, 2020, Green, represented by counsel, filed this Petition challenging his conviction and sentence in state court for murder with a firearm specification. (ECF No. 1.) The Petition asserts the following two grounds for relief and supporting facts:

> GROUND ONE: Retroactive changes in law relating to juveniles charged as adults did not benefit petitioner.
>
> Supporting Facts: The manner in which petitioner was interrogated and the circumstances leading to petitioner's guilty plea would not have been

---

[1] Respondent asserts that Tom Schweitzer is the proper party Respondent because he is the current Warden of the Madison Correctional Institution.

|  |  |
|---|---|
|  | permitted under the principles established by a series of Supreme Court decisions made after petitioner was sentenced. The Supreme Court ordered that those changes be applied retroactively. |
| GROUND TWO: | The Warren Police Department denied petitioner access to an attorney during his interrogation. |
| Supporting facts: | While petitioner, then a juvenile, was being interrogated by the Warren Police Department an attorney retained by petitioner's family arrived at the police station. Stating that petitioner had not himself specifically requested an attorney, the interrogators refused to permit the attorney on premises to have access to petitioner. |

(*Id.* at PageID #5–8.) On June 30, 2020, Respondent filed the Motion to Dismiss arguing that the Petition is time-barred and that Green failed to exhaust his claims. (ECF No. 6.) Green filed a Response (ECF No. 8) opposing the Motion on August 31, 2020, and Respondent filed a Reply (ECF No. 10) on September 15, 2020. The matter was reassigned from Magistrate Judge James Knepp II to Magistrate Judge David Ruiz ("Magistrate Judge" or "Judge Ruiz") on November 23, 2020.

Judge Ruiz submitted his R & R on March 5, 2021, recommending that the court deny and dismiss the Petition as time-barred. As the R & R points out, Green was represented by counsel on January 18, 2002, when he pled guilty and received an aggregate sentence of eighteen years to life in prison. (R & R at PageID #231, ECF No. 11.) More than sixteen years later, on May 16, 2018, Green, again through counsel, moved in state court to withdraw his guilty plea based on a trilogy of Supreme Court cases that cast doubt on the validity of his conviction, *Roper v. Simmons*, 543 U.S. 551 (2005); *Graham v. Florida*, 560 U.S. 48 (2010); *Miller v. Alabama*, 567 U.S. 460 (2012), and a fourth case that confirmed the new constitutional rule applied retroactively on state collateral review, *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). After his efforts in state court failed, Green filed his federal Petition in this court. The problem, as the R & R explains, is that over two years elapsed between the date the Supreme Court decided *Montgomery* and the date Green sought to

withdraw his guilty plea in state court,[2] which means Green's Petition falls outside the one-year habeas statute of limitations under 28 U.S.C. § 2244(d)(1)(C). The R & R further concludes that Green's Petition is time-barred even with the most generous application of equitable tolling. (R & R at PageID #244, ECF No. 11.) Accordingly, the R & R recommends dismissal.

Objections to the R & R were due by March 19, 2021, but neither party filed any.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Judge Ruiz's recommendations are fully supported by the record and controlling case law. Accordingly, the court adopts the R & R in its entirety and hereby grants Respondent's Motion to Dismiss and denies and dismisses the Petition.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 24, 2021

---

[2] The R & R concludes that the relevant start date actually is much earlier, June 25, 2012, the date the Supreme Court decided *Miller*. (R & R at PageID #240, ECF No. 11.) But under either time line, the Petition is time-barred.